UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH WILEY**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 10-4250**

**DR. LO**                                                     **SECTION: "C"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Kenneth Wiley, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Dr. Lo. Plaintiff claims that he has been denied adequate medical care.

The United States Marshal was unable to effect service on Dr. Lo because plaintiff failed to provide a proper address for service.[1] On January 6, 2011, the Court notified plaintiff of that fact, instructed him that it was his responsibility to provide all information necessary for the United States Marshal to effect service, and ordered him to provide to the Court with a correct service address for Dr. Lo on or before March 9, 2011. Plaintiff was warned that if he failed to comply with that order and failed to show good cause for not doing so, the undersigned would recommend that the claims against Dr. Lo be dismissed pursuant to Fed.R.Civ.P. 4(m) without further notice.[2] That deadline has now expired, and plaintiff neither provided the required service information nor attempted to show good cause for his failure to do so.

In pertinent part, Rule 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court –
on motion or on its own after notice to the plaintiff – *must* dismiss the action without
prejudice against that defendant or order that service be made within a specified

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 6.

      time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

      Plaintiff was granted pauper status in this lawsuit.[3] Therefore, he is entitled to have service effected by the United States Marshal. Fed.R.Civ.P. 4(c)(3). That fact, however, does not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction of a plaintiff proceeding *in forma pauperis*. Id; see also Armant v. Stalder, 351 Fed. App'x 958, 959 (5th Cir. 2009), cert. denied, 130 S.Ct. 2102 (2010); Clay v. Allen, 87 Fed. App'x 1000 (5th Cir. 2004); Pines v. St. Tammany Parish Prison, Civ. Action No. 909-3113, 2009 WL 3347384, at *2 (E.D. La. Oct. 14, 2009).

      More than one hundred twenty days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on Dr. Lo. The Court gave plaintiff notice of the fact that the defendant was not served, as well as an opportunity to cure that defect. Nevertheless, plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve Dr. Lo results not from the action or inaction of the Court or the United States Marshal, but rather solely from the inaction of plaintiff.

---

[3] Rec. Doc. 3.

Despite the express notice that a recommendation to dismiss the claims against Dr. Lo would issue unless plaintiff provided correct service information or showed good cause for not doing so, he has failed to respond to this Court's order.  Accordingly, this Court finds that dismissal of those claims is now appropriate.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-third day of March, 2011.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.